**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JAMILEH IBRAHIM,

     Plaintiff,

v.                                              Civ. No. 18-1234 JAP/GBW

ABM GOVERNMENTAL
SERVICES LLC,

     Defendant.

## ORDER DENYING MOTION TO WITHDRAW AS COUNSEL

THIS MATTER comes before the Court on Plaintiff's attorney's Motion to

Withdraw as Counsel. *Doc. 10.* Attorney Rachel Berenson moves the Court for

permission to withdraw as counsel for Plaintiff, citing "irreparable damages within the

attorney-client relationship." *Id*. at 1. Ms. Berenson indicates that Defendant concurs in

the instant Motion, but that Plaintiff Ibrahim opposes it. *Id*.

As a contested motion to withdraw, Ms. Berenson's Motion is subject to Local

Rule 83.8(b), which reads:

> The attorney must file and serve on all parties, including the client, a motion to
> withdraw. The attorney must give notice in the motion that objections must be
> served and filed within fourteen (14) days from date of service of the motion and
> that failure to object within this time constitutes consent to grant the motion.

D.N.M.LR-Civ. 83.9(b).

It is uncertain whether Mr. Berenson's Motion was served on Plaintiff as required by the Local Rules, because Plaintiff Ibrahim does not currently receive electronic notifications from CM/ECF. *See doc. 10* at 2 (certifying service "through the Court's E-filing (CM/ECF)…system…upon all parties of record").[1] Moreover, the Motion does not include any statement to the effect that objections must be served and filed within fourteen days, and that failure to object constitutes consent. *See* D.N.M.LR-Civ. 83.9(b).

Therefore, Ms. Berenson's Motion to Withdraw (*doc. 10*) is hereby DENIED WITHOUT PREJUDICE for failure to conform with the Local Rules.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Notice of Electronic Filing, available through CM/ECF, does not indicate service on Mr. Ibrahim.