IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMILEH IBRAHIM,

    Plaintiff,

v.                                                                  Civ. No. 18-1234 JAP/GBW

ABM GOVERNMENTAL
SERVICES LLC,

    Defendant.

## ORDER DENYING MOTION TO WITHDRAW AS COUNSEL AND EXTENDING THE DEADLINE TO RESPOND TO DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court on Plaintiff's attorney's Second Motion to Withdraw as Counsel. *Docs. 13*, *14*.[1] Attorney Rachel Berenson, having remedied the procedural flaws of her prior motion, *see docs. 10, 12*, moves the Court for permission to withdraw as counsel for Plaintiff, citing "irreparable damages within the attorney-client relationship." *Doc. 14* at 1. Ms. Berenson indicates that Defendant concurs in the instant Motion, but that Plaintiff Ibrahim opposes it. *Id*. Ms. Berenson, in accordance with the local rules, served a copy of her Motion on Plaintiff via electronic mail on July 3, 2019, notifying Plaintiff that objections must be served and filed within fourteen days from the date of service of the motion. *See id*; D.N.M.LR-Civ. 83.8(b).

---

[1] Counsel appears to have filed multiple identical motions to withdraw.

On July 8, 2019, the Court received a letter from Plaintiff, objecting to Ms. Berenson's motion to withdraw. *Doc. 15*. In her letter, Plaintiff asserts several substantive objections to withdrawal. First, she explains that she is currently deployed overseas as a military contractor across the Middle East,[2] and that she will be adversely affected by the withdrawal of Ms. Berenson during this deployment period,[3] in which she has limited access to resources to seek new counsel or address her case independently. *Id*. at 1. Second, she notes that Ms. Berenson's withdrawal would be prejudicial to her case, because Plaintiff would be unable to address pending deadlines.[4] *Id*. Finally, Plaintiff disputes that her attorney-client relationship with Ms. Berenson has suffered irreparable damage, contending that Ms. Berenson merely seeks to withdraw because she was hired on a contingency basis, and wanted Plaintiff to accept a quick settlement offer that Plaintiff refused. *Id*. Ms. Berenson has not filed a reply to the objections. The Motion is now before the Court.

"The District Court has wide discretion in granting or denying an attorney's motion to withdraw representation." *Gamez v. Country Cottage Care & Rehab.*, 377 F.

---

[2] *See doc. 15* at 2 for letter of authorization.
[3] Plaintiff will return to the United States from deployment in December 2019. *Doc. 15* at 1.
[4] Plaintiff's Response to Defendant's Motion to Dismiss, *doc. 8*, was due July 1, 2019. Ms. Berenson filed her first Motion to Withdraw as attorney on June 26, 2019, less than a week before Plaintiff's Response was due. Even though the Court denied counsel's first motion to withdraw, as of the date of this order, no Response to the Motion to Dismiss has been filed. An attorney has an ethical obligation to provide adequate representation until withdrawal of representation is granted. Ms. Berenson's filing of a motion to withdraw did not permit her to suspend working on Plaintiff's case while that motion remained pending. *See* N.M.R. PROF'L CONDUCT 16-116 ("a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, [and] allowing time for employment of other counsel").

Supp. 2d 1101, 1102 (D.N.M. 2005) (citing *Abell v. Babbit*, 176 F.3d 488 (10th Cir. 1999) (unpublished table decision)).  However, "[w]ithdrawal grounded on personal difficulties in the attorney-client relationship…requires some scrutiny where opposed[.]"  *Rehburg v. Bob Hubbard Horse Transp. Inc.*, 2019 WL 1281857, at *4 (D.N.M. Mar. 20, 2019) (slip copy).  "[A]n attorney who has once agreed to represent a client should not be permitted to abandon his responsibilities merely because he is unhappy with the nature of the relationship with the client."  *Id.* (quoting *Streetman v. Lynaugh*, 674 F. Supp. 229, 235 (E.D. Tex. 1987)).  In addition, "it is incumbent on the court to ensure that the prosecution of the lawsuit is not unduly disrupted by the withdrawal of counsel."  *Leaton v. Navajo Refinery*, 2011 WL 13262486, at *2 (D.N.M. Feb. 24, 2011) (slip copy) (citation omitted).  Overall, "where it has not been shown that the attorney-client relationship cannot be salvaged, and where the impact of withdrawal upon the client may be severe, withdrawal is not supported."  *Rehburg*, 2019 WL 1281857, at *5.

In consideration of the foregoing, the Court finds that withdrawal is not supported, here.  Counsel's Motion relies merely upon a conclusory allegation of irreparable damage to the attorney-client relationship in the face of her client's rebuttal and assertions of harm should withdrawal be granted.  Consequently, the Court is not persuaded that the attorney-client relationship has suffered irreparable damage and believes Plaintiff's concern—that allowing Ms. Berenson to withdraw may leave Plaintiff without the ability to competently prosecute her case—is legitimate.

3

Wherefore, IT IS HEREBY ORDERED that Plaintiff's counsel's Motion to Withdraw (*docs. 13, 14*) is DENIED.

IT IS FURTHER ORDERED that the deadline to respond to Defendant's Motion to Dismiss (*doc. 8*) is extended to **August 2, 2019**. Defendant's Reply, if any, is due no later than **August 16, 2019**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE