UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JAMILEH IBRAHIM,

    Plaintiff,

vs.

                                       No. 18 CV 1234 JAP/GBW

ABM GOVERNMENT SERVICES, LLC,

    Defendant.

**MEMORANDUM OPPINION AND ORDER**

Defendant ABM Government Services, LLC (ABMGS) contends that this Court does not have personal jurisdiction over ABMGS and that the Court should dismiss Plaintiff's COMPLAINT AND DEMAND FOR JURY TRIAL (Doc. No. 1) (Complaint) under Fed. R. Civ. P. 12(b)(2). *See* DEFENDANT'S MOTION TO DISMISS (Doc. No. 8) (Motion). Alternatively, ABMGS asks the Court to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In the Complaint, Plaintiff alleges that ABMGS retaliated against her after she filed a lawsuit in the United States District Court for the Western District of Kentucky[1] alleging that she was sexually harassed during her employment with ABMGS as an interpreter in the Middle East.[2] Plaintiff alleges that ABMGS retaliated against her by blocking Plaintiff's pursuit of gainful employment after she filed

---

[1] The court in the Western District of Kentucky granted ABM's motion to compel arbitration and dismissed Plaintiff's lawsuit without prejudice. *Ibrahim v. ABM Government Services, LLC*, No. 4:16-cv-00102 JHM-HBB, MEMORANDUM OPINION AND ORDER (Doc. No. 21) (Ap. 26, 2017) and JUDGMENT (Doc. No. 22) (dismissing complaint without prejudice). Plaintiff's allegations in that lawsuit predate the events alleged in this suit.

[2] In her Complaint, Plaintiff alleges that she "was hired by Defendant in or about March 2013 as a Arabic Linguist Cat III to provide language support services to the Department of the Air Force in the Middle East (Kuwait, Qatar and Jordan)." (Compl. ¶ 12.)

1

the Kentucky lawsuit. (Compl. ¶¶ 43–45.) Because ABMGS has insufficient contacts with New Mexico, the Court will grant the Motion and will dismiss the Complaint without prejudice.

I. LEGAL STANDARD

Under Rule 12(b)(2), a court may dismiss a complaint for lack of personal jurisdiction. A plaintiff generally bears the burden of demonstrating the court's jurisdiction to hear plaintiff's claims. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 104 (1998) ("[T]he party invoking federal jurisdiction bears the burden of establishing its existence."). "In determining personal jurisdiction, a court must test not only the complaint's jurisdictional theory, but also the facts on which jurisdiction is predicated." *Walker v. THI of New Mexico at Hobbs Ctr.*, 801 F.Supp.2d 1128, 1138–39 (D. N.M. 2011) (citation omitted). Motions to dismiss for lack of subject-matter jurisdiction generally take one of two forms: "(1) a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject-matter jurisdiction is based." *Ruiz v. McDonnell,* 299 F.3d 1173, 1180 (10th Cir. 2002).

On a facial attack, the court must consider the complaint's allegations to be true. *Walker* 801 F.Supp.2d at 1138 (citing *Ruiz v. McDonnell,* 299 F.3d at 1180). But when the motion is aimed at the jurisdictional facts themselves, a court may not presume the truthfulness of those allegations. *Walker, supra.* A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id.* at 1138. In such instances, however, a court's reference to evidence outside the pleadings does not convert the motion to a summary judgment motion. *Id.* (citing *Alto Eldorado Partners v. City of Santa Fe,* No. CIV 08–0175 JB/ACT, 2009 WL 1312856, at *8–9 (D. N.M. Mar. 11, 2009) (unpublished)).

To establish personal jurisdiction, a plaintiff must show that (1) a defendant would be subject to the jurisdiction of a court of general jurisdiction where the federal district court is located, and (2)

the exercise of jurisdiction would not offend due process. *McNamara v. City of Hope Nat'l Med. Ctr.*, 2:08-CV-118 PK/LFG, 2008 WL 11322210, at *2 (D.N.M. May 29, 2008) (citing *United States v. Botefuhr*, 309 F.3d 1263, 1271 (10th Cir. 2002)). New Mexico's long arm statute, NMSA 1978 § 38-1-16, applies as far as constitutionally permissible. *Tercero v. Roman Catholic Diocese of Norwich, Conn.*, 2002-NMSC-018, ¶ 6, 132 N.M. 312, 48 P.3d 50. Thus, the inquiry largely becomes whether a defendant has sufficient "minimum contacts" with New Mexico such that subjecting the defendant to the court's jurisdiction would not "offend traditional notions of fair play and substantial justice." *McNamara*, *supra* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Minimum contacts may be satisfied based on the exercise of general jurisdiction when a defendant's contacts with the forum state are "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). Minimum contacts may also be based on specific jurisdiction on a showing that a defendant "has purposefully directed his activities at residents of the forum ... and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quotations omitted). In other words, the "minimum contacts" standard of the due process clause may be met in either of two ways. When the defendant has "continuous and systematic general business contacts" with the forum state, courts in that state may exercise *general jurisdiction* over the defendant. *Helicopteros Nacionales de Colombia, S.A., v. Hall,* 466 U.S. 408, 414–15 (1984); *Kuenzle,* 102 F.3d at 455. When the "defendant has 'purposely directed' his activities at residents of the forum," courts in that state may exercise *specific jurisdiction* in cases that "'arise out of or relate to' those activities." *Burger King v. Rudzewicz,* 471 U.S. at 472–73. *See also Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.,* 385 F.3d 1291, 1295–96 (10th Cir. 2004) (stating that the court must resolve all factual disputes in favor of the plaintiff).

3

II. DISCUSSION

    A.    General Jurisdiction

To support its assertion that this Court lacks general personal jurisdiction, ABMGS submitted the affidavit of William M. Blocker II, the Assistant Secretary and Associate Counsel for Nova Global Supply and Services LLC (NGS), the parent company of Valiant Government Services LLC formerly known as ABMGS. (Mot. Ex. 1, Blocker Aff. ¶ 2.) NGS, a Delaware company with its principal place of business in Virginia, does business under the name Valiant Integrated Services. On May 31, 2017, NGS purchased ABMGS. (*Id.* ¶ 5.) ABMGS's business is being operated as Valiant Government Services LLC, a Kentucky limited liability company whose principal place of business is Kentucky. (*Id.* ¶ 6.) On June 22, 2017, ABMGS filed Articles of Amendment stating its name was changed to Valiant Government Services LLC.[3]

ABMGS first contends that it has insufficient contacts with New Mexico to confer general personal jurisdiction in this district. ABMGS has no registered agent for service in New Mexico. (Mot. Ex. 1 Blocker Aff. ¶ 8.) ABMGS was served through its registered agent in Kentucky. *See* Affidavit of Service (Doc. No. 5). ABMGS has no office in and owns no property in New Mexico. (Mot. Ex. 1 Blocker Aff. ¶ 8.) ABMGS does not advertise, market, or offer services in New Mexico. (*Id.*) Neither ABMGS nor Valiant Government Services LLC has been registered to do business in New Mexico. (*Id.* ¶ 9.) Mr. Blocker averred that Ferguson-Williams LLC (Ferguson) is an Alabama company with a principal place of business in Kentucky. (*Id.* ¶ 11.) Ferguson was a wholly-owned subsidiary of ABMGS and is now a wholly-owned subsidiary of Valiant Government Services LLC.

---

[3] *See* https://app.sos.ky.gov/ftshow/(S(l4p3tgfmd0cxny1taoem51xk))/default.aspx?path=ftsearch&id=0622492&ct=06&cs=99995&ce=OO7Ft7K289z%2bTLajVeBrLEZcNrDSOXgHP8S37ZN4FJFUm3IG4FaJ3eig%2beJ%2feYym (last visited on Aug. 6, 2019). NGS is a member of Valiant Government Services LLC on the Kentucky Secretary of State's website. *Id.*

(*Id.*) Ferguson has two subsidiaries, which are both New Mexico limited liability companies: (1) TSAY/Ferguson-Williams LLC; and (2) TC&S/F-W, LLC. (*Id.*) Although Ferguson owns 49% of these subsidiaries, ABMGS and thus Valiant Government Services LLC do not own an interest in them. (*Id.*) Mr. Blocker states that Valiant Government Services LLC has an affiliated company named Valiant Global Defense Services, Inc., which is a Delaware corporation formed in 1964 with its principal place of business in Virginia. (*Id.* ¶ 12.) Valiant Global Defense Services, Inc. is not registered to do business in New Mexico. (*Id.*)

Plaintiff asserts that an entity named ABM Industries, Inc. is registered to do business in New Mexico and has a registered agent for service of process in New Mexico-- CT Corporation System in Espanola, NM. (*Id.* ¶ 5.) Plaintiff also avers that ABM Industries, Inc. has an office in Albuquerque located at 7100 Washington St. NE. (*Id.* ¶ 4.) However, Plaintiff does not allege that she was ever employed by ABM Industries, Inc.[4] In fact, ABM Industries, Inc. is not mentioned in the Complaint. Instead, Plaintiff avers that she was hired by ABMGS, but does not state that she was interviewed or hired in New Mexico. (Compl. ¶ 12.) Plaintiff also fails to allege that ABMGS's separate corporate existence from ABM Industries, Inc. should be disregarded.[5]

Plaintiff has failed to convince this Court that ABMGS has any affiliation with New Mexico much less affiliations that are "so continuous and systematic as to render [it] essentially at home in

---

[4] According to its website, ABM Industries, Inc. offers services related to the maintenance of office and industrial facilities. *See https://www.abm.com/#* (last visited on Aug. 19, 2019).

[5] According to a filing in the Western District of Kentucky, ABMGS is a wholly-owned subsidiary of ABM Industries, Inc. *See Ibrahim v. ABM Government Services LLC*, No. 4:16-cv-00102 JHM-HBB, DEFENDANT'S REVISED CORPORATE DISCLOSURE STATEMENT (Doc. No. 16) (W.D. Ky. Jan. 27, 2017). Importantly, being a subsidiary of an entity that has ties to a state is insufficient to establish personal jurisdiction in that state. *EEOC v. Roark-Whitten Hospitality 2, LP*, No. 1:14-cv-00884 MCA-KK, 2016 WL 10587968, at * 7 n. 7 (D. N.M. Mar. 3, 2016) (stating that imputing contacts from an in-state corporate entity to an affiliated out-of-state corporation would be "inconsistent with controlling due process jurisprudence."). *See also Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) ("[J]urisdiction over a parent corporation [does not] automatically establish jurisdiction over a wholly owned subsidiary …. Each defendant's contacts with the forum State must be assessed individually.").

the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 138–39 (2014). Therefore, the Court concludes that it lacks general personal jurisdiction over ABMGS.

      B.      Discovery Request

Plaintiff contends that by including Mr. Blocker's affidavit with facts related to ABMGS and its and affiliated entities' contacts, or lack of contacts, with New Mexico, ABMGS has converted the Motion into a motion for summary judgment. Plaintiff argues that this Court should stay the deadlines in this case and allow her to do discovery related to personal jurisdiction. Plaintiff cites New Mexico case law for the proposition that a court must treat a motion to dismiss as a motion for summary judgment when a nonmovant presents matters outside the pleadings. (Resp. at 3 citing *Romero v. N.M. Health & Envt'l. Dep't.*, 1988-NMSC-073, ¶ 3, 107 N.M. 518, 760 P.2d 1282). Plaintiff further asserts that it has long been the law in New Mexico that "a court should not grant summary judgment before a party has completed discovery[.]" *Id.* (citing *Sun Country Sav. Bank of N.M. v. McDowell*, 1989-NMSC-043, ¶ 27, 108 N.M. 528, 775 P.2d 730).

In her affidavit, Plaintiff states that "ABM Industries, Inc., ABM Government Services, LLC provided services in New Mexico." (Resp. Ex. A Ibrahim Aff. ¶ 3.) However, Plaintiff fails to describe what services these companies provided. Instead, Plaintiff generally asks the Court to allow discovery into factual issues related to ABMGS's contacts with New Mexico. (Resp. Ex. A Plf Aff. ¶ 9.) Plaintiff asserts she is confident she can establish personal jurisdiction with further discovery. (*Id.* ¶ 8.) Plaintiff intends to submit interrogatories to ABMGS and to other persons who know about ABMGS's "contacts with New Mexico with follow up depositions if appropriate." (*Id.* ¶ 9.) Although Plaintiff's affidavit describes what discovery should be allowed, Plaintiff fails to indicate how that discovery is likely to identify specific facts that would support personal jurisdiction. *See*

*McNamara*, 2008 WL 11322210, at * 2 (noting that Plaintiffs "surely know what led them to the services of the Defendants" sufficient to controvert some facts presented by the Defendants).

For purposes of establishing personal jurisdiction, some courts have allowed limited discovery. *See, e.g., SGI Air Holdings II LLC v. Novartis Intern. AG*, 239 F.Supp.2d 1161, 1164 (D. Colo. 2003) (noting that the plaintiff was allowed to do "jurisdictional discovery[.]"). Moreover, a court may allow jurisdictional discovery "if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary." *CVR Energy, Inc. v. Wachtell Lipton Rosen & Katz*, 13-CV-2547-JAR-TJJ, 2014 WL 782662, at *1 (D. Kan. Feb. 25, 2014) (unpublished). However, when a party offers only "speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *McNamara*, 2008 WL 11322210, at * 2. In this case, Plaintiff fails to convince the Court that, if allowed to do discovery, she might be able to present evidence that "ABM Industries, Inc., ABM Government Services, LLC provided services in New Mexico" or that otherwise controverts the facts submitted by ABMGS. Therefore, the Court will deny Plaintiff's request for a stay of this ruling to allow jurisdictional discovery.

C.  Specific Jurisdiction

Plaintiff argues that (1) the illegal conduct--the discriminatory retaliation--occurred in New Mexico; (2) this cause of action arises from that illegal conduct; and (3) ABM had sufficient contacts with New Mexico to establish specific jurisdiction over Plaintiff's claims. (Resp. at 4.) Plaintiff's evidence supporting these averments is that "[a]s part of my further employment with ABM Industries, two (2) Agents came to speak with me in New Mexico." (*Id.* Ex. A Plf Aff. ¶ 8.) It is not clear what Plaintiff means by this statement because Plaintiff never alleges that she was employed by ABM Industries, Inc. In addition, Plaintiff fails to explain how the visit by agents of ABM

Industries, Inc. supports a finding of personal jurisdiction over ABMGS. Plaintiff also states that she "signed the said Arbitration Agreement in New Mexico on March 10, 2015." (Resp. Ex. A ¶ 7.) Although the execution of the Arbitration Agreement was relevant to Plaintiff's claims in the Kentucky case, which were dismissed and sent to arbitration, Plaintiff makes no allegation here that the signing of the Arbitration Agreement or the visit by agents of ABM Industries, Inc. are somehow relevant to Plaintiff's retaliation claims. Nor is there evidence that any of Plaintiff's employment duties occurred in New Mexico.

Most importantly, Plaintiff has failed to allege that any of the alleged retaliatory actions occurred in New Mexico. Plaintiff's specific allegations of retaliation consist of the following:

> On or about March 3, 2017 a potential employer notified Plaintiff Ibrahim that it could not hire her based upon the discussion it had with the Defendant. On or about March 8, 2018 another potential employer notified Plaintiff Ibrahim that it could not hire her after speaking with the Defendant due to it not being able to process her application. Also, in August of 2018 two other companies told Plaintiff Ibrahim that ABM[GS] had informed them that she [was] not eligible to return to contract.

(Compl. ¶ 45.)

At most, these allegations show that potential employers informed Plaintiff about Defendant's alleged retaliatory actions after Plaintiff was sent home to New Mexico. Even so, the allegations about employment rejections are not evidence that ABMGS's retaliatory actions took place in New Mexico. In short, Plaintiff has completely failed to indicate where the alleged retaliation took place.

None of the facts alleged in the Complaint or in Plaintiff's affidavit are sufficient to show that ABMGS "purposefully availed itself of the privilege of conducting activities within" New Mexico such that ABMGS would have "clear notice that it is subject to suit there." *Roark-Whitten Hospitality 2, LP*, 2016 WL 10587968, at * 5 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). In sum, Plaintiff has failed to make a prima facie showing that the harm

allegedly inflicted by ABMGS, i.e. the blocking of future employment prospects, arose from ABMGS's contacts with New Mexico. Plaintiff failed to allege sufficient facts to support the exercise of either general or specific personal jurisdiction over ABMGS. Therefore, the Court will grant the Motion. Because the Court lacks personal jurisdiction over ABMGS, the Court cannot rule on ABMGS's alternative request for dismissal with prejudice under Rule 12(b)(6).

IT IS ORDERED that DEFENDANT'S MOTION TO DISMISS (Doc. No. 8) is granted, and all claims asserted in Plaintiff's COMPLAINT AND DEMAND FOR JURY TRIAL (Doc. No. 1) are dismissed without prejudice.

/s/ James A. Parker
SENIOR UNITED STATES DISTRICT COURT