UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JAMILEH IBRAHIM,

    Plaintiff,

vs.

                                                                                    No. 18 CV 1234 JAP/GBW

ABM GOVERNMENT SERVICES, LLC,

    Defendant.

**MEMORANDUM OPPINION AND ORDER**

In PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT (Doc. No. 22) (Motion), Plaintiff asks the Court to allow her to amend the COMPLAINT AND DEMAND FOR JURY TRIAL (Doc. No. 1) to add Title VII employment retaliation claims against ABM Industries, Inc. Defendant ABM Government Services, LLC (ABMGS) opposes the Motion. *See* DEFENDANT'S REPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT (Doc. No. 23). Because Plaintiff failed to exhaust administrative remedies as to ABM Industries, Inc., this Court cannot exercise subject matter jurisdiction over those claims. Therefore, the Court will deny the Motion.

I.      LEGAL STANDARD

Under Fed. R. Civ. P. 15, a party may amend its pleading once as a matter of course within 21 days after serving the complaint or 21 days after service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Because Defendant ABMGS's Motion to Dismiss (Doc. No. 8) (MTD) was served more than 21 days prior to the filing of the Motion, Plaintiff

1

may not amend her Complaint "as a matter of course." Instead, Plaintiff must seek leave of court under Rule 15(a)(2), which provides: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Despite the language in this subsection, a court may deny leave to amend "where amendment would be futile." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). A proposed amendment would be futile if it would be subject to dismissal. *Id.* In sum, the grant or denial of a motion to amend is "within the sound discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

II. BACKGROUND

On May 27, 2015, Plaintiff filed a CHARGE OF DISCRIMINATION (2015 Charge) with the United States Equal Employment Opportunity Commission (EEOC). (Resp. Ex. 1.) In the Charge, Plaintiff stated that her employer was ABMGS, identified as "Respondent", located at "101 Walton Way, Hopkinsville, KY 42240." (Resp. Ex. 1.) Plaintiff signed the 2015 Charge certifying that all information in the Charge was "true and correct" under penalty of perjury. (*Id.*) In the 2015 Charge, Plaintiff stated she was hired by Respondent in March 2013 and that from November 2014 through April 2015, she was discriminated against and retaliated against in violation of Title VII of the Civil Rights Act. (*Id.*) Plaintiff did not mention ABM Industries, Inc. in the 2015 Charge. (*Id.*) On June 6, 2016, the EEOC issued a Dismissal and Notice of Rights letter. (Resp. Ex. 2.) On August 17, 2016, Plaintiff filed a Complaint against ABMGS in the United States District Court for the Western District of Kentucky. *Ibrahim v. ABM Government Services, LLC*, No. 4:16-cv-00102 JHM-HBB, MEMORANDUM OPINION AND ORDER (Doc. No. 21) (Ap. 26, 2017) (stating that Plaintiff "was hired by Defendant in March of

2013…."). Plaintiff alleged in that case that ABMGS hired her in March 2013, and Plaintiff made no mention of ABM Industries, Inc. in her complaint. *Id.* COMPLAINT AND DEMAND FOR JURY TRIAL (Doc. No. 1). In that case, ABMGS moved to compel arbitration, and Plaintiff did not mention ABM Industries, Inc. in her response to the motion to compel arbitration. *Id.* (Doc. No. 19). The court granted the motion on April 26, 2016. Unsurprisingly, ABM Industries, Inc. was not mentioned in the court's opinion. (*See* Mot. Ex. 4.)

On March 29, 2017, less than a month after her case in Kentucky was dismissed for arbitration, Plaintiff filed a new EEOC CHARGE OF DISCRIMINATION (2017 Charge). (Resp. Ex. 5.) Again, Plaintiff again named only ABMGS as her employer and as Respondent. (*Id.*) In the 2017 Charge, Plaintiff alleged that she began working for ABMGS in March 2013. She further averred that ABMGS retaliated against her for engaging in protected activity, i.e. filing the 2015 Charge and the Kentucky lawsuit. Plaintiff specifically asserted that ABMGS retaliated against her in March 2017 by "preventing [her] from gaining employment elsewhere." (*Id.*) Plaintiff did not mention ABM Industries, Inc. in her 2017 Charge. (*Id.*) Plaintiff signed the 2017 Charge certifying to its truth under penalty of perjury. (*Id.*) This lawsuit was filed within the 90-day deadline for filing a claim under Title VII after receiving notice of her right to sue from the EEOC. (Compl. ¶ 9.) Hence, Plaintiff must show that in the proceedings related to the 2017 Charge, she exhausted her administrative remedies against ABM Industries, Inc. Neither the 2017 Charge nor the original Complaint filed in this case mentions ABM Industries, Inc. as Plaintiff's employer. (*Id.*)

On April 18, 2019, Plaintiff filed a third CHARGE OF DISCRIMINATION (2019 Charge). (Resp. Ex. 6.) The 2019 Charge named as Respondent "Valiant Integrated Services" and states that ABMGS is "now a subsidiary of Valiant Integrated Services, LLC." Plaintiff

averred under penalty of perjury that "I continue to be retaliated against by ABM Government Services, LLC, who is now a subsidiary of Valiant Integrated Services, LLC, when they continue to deny me employment opportunities, and further, by refusing to remove my name from their DO NOT HIRE LIST." (*Id.*) Plaintiff did not mention ABM Industries, Inc. in the 2019 Charge. On July 26, 2019, Plaintiff filed another lawsuit in the Western District of Kentucky against Valiant Integrated Services, LLC alleging that she was hired by "Defendant's subsidiary, ABM, in or about March 2013." (Mot. Ex. 7.) Plaintiff makes no mention of ABM Industries, Inc. in her latest complaint. (*Id.*) *See Ibrahim v. Valiant Integrated Services, LLC*, No. 4:19 CV 91-JHM (W.D. Ky.) COMPLAINT AND DEMAND FOR JURY TRIAL (Doc. No. 1) (July 26, 2019).

In this lawsuit, on June 17, 2019, ABMGS filed a Motion to Dismiss arguing that the Court lacked personal jurisdiction over it because it has no contacts with New Mexico. *See* DEFENDANT'S MOTION TO DISMISS (Doc. No. 8) (MTD). On August 26, 2019 the Court granted the MTD and dismissed all claims against ABMGS without prejudice. *See* MEMORANDUM OPINION AND ORDER (Doc. No. 24) (MOO).

As noted in the MOO, Plaintiff stated in her response to ABMGS's MTD that she was "hired by Defendant" i.e. ABMGS. *See* PLAINTIFF RESPONSE TO DEFENDANT'S MOTION TO DISMISS (Doc. No. 18) (Response to MTD at 1.). In her Response to the MTD, Plaintiff mentioned ABM Industries, Inc. She asserted that "her cause of action arises out of ABM Industries Inc. and ABM Government Services, LLC's conduct in New Mexico." (*Id.* at 1.) In an affidavit attached to her Response to the MTD, Plaintiff stated that she was "required to sign an Arbitration Agreement between myself and ABM Industries Incorporated and its subsidiary companies." (*Id.* Ex. A at ¶ 6.) However, the Arbitration Agreement was not attached

4

to Plaintiff's Response to the MTD or her affidavit. Plaintiff further testified that she "signed the Arbitration Agreement in New Mexico on March 10, 2015." (*Id.* ¶ 7.) Finally, Plaintiff averred that "[a]s part of my further employment with ABM Industries, two (2) Agents came to speak with me in New Mexico." (*Id.* ¶ 8.) Plaintiff asked the Court to allow jurisdictional discovery and stated that she intended "to submit interrogatories to ABM Government Services, LLC and to other parties who know or who may know of ABM Government Services, LLC's contacts with the State of New Mexico and with the subject of this litigation as well as follow-up depositions if appropriate." (*Id.* ¶ 9.) Plaintiff did not ask for further discovery into contacts that ABM Industries, Inc. may have with New Mexico. Moreover, in her Response to the MTD, Plaintiff stated that she had "direct contact with agents of ABM governmental services (sic) here in New Mexico." (Resp. to MTD at 5.) However, in her affidavit, Plaintiff stated that the agents who visited her in New Mexico were from ABM Industries, Inc. (Resp. to MTD Ex. A ¶ 8.) Plaintiff did not directly assert that ABM Industries, Inc. was her employer at the time the alleged retaliation took place.

In its Reply brief in support of its MTD, ABMGS noted Plaintiff's first-time mention of ABM Industries, Inc. and asserted that ABMGS was formerly a subsidiary if ABM Industries, Inc. but that it sold ABMGS to Nova Global Supply and Services LLC on or about May 31, 2017. (Reply (Doc. No. 21) at 5.) ABMGS explained that on June 22, 2017 ABMGS changed its name to Valiant Government Services, LLC. (*Id.* and Mot. Ex. 8 (Articles of Amendment).) In its Memorandum Opinion granting ABMGS's MTD, the Court recognized that ABM Industries, Inc.'s ties to New Mexico did not support a finding that this Court has personal jurisdiction over its subsidiary, ABMGS. *See* Memorandum Opinion at 5 n. 5 (stating that jurisdiction over a parent corporation does not automatically establish jurisdiction over a wholly-owned subsidiary).

5

Plaintiff's proposed First Amended Complaint (FAC) (Mot. Ex. A.) contains new allegations against ABM Industries, Inc. For example, in FAC ¶ 6, Plaintiff alleges that ABMGS and ABM Industries "are facility management providers who provided management support to Federal Government Agencies, who are registered to do business in the State of New Mexico." In paragraph 7 of the FAC, Plaintiff alleges that "at all times material," ABM Industries "owned, operated, managed, administered, and/or did business with" ABMGS in New Mexico and the "causes of action that are the basis of this suit arise out of such business conduct." In paragraph 8 of the FAC, Plaintiff avers that "Defendants ABM Government Services, LLC and ABM Industries, Inc. are an 'employer' as that term is defined by 42 U.S.C. § 2000e(b)." Plaintiff alleges that she filed a Charge of Discrimination against both ABMGS and ABM Industries, Inc. However, as mentioned, the 2017 Charge, which supports administrative exhaustion for this lawsuit, makes no mention of ABM Industries, Inc.

In the FAC, Plaintiff alleges that she was hired by Defendants (sic) ABM Industries, Inc. on or about March 2013[.]" (FAC ¶ 16.) Plaintiff further alleges that the "Air Force staff and Defendant [ABMGS] and ABM Industries, Inc. had always praised her performance and evaluated her favorably…. at all relevant times, Plaintiff…met or exceeded Defendants [ABMGS] and ABM Industries, Inc.'s legitimate performance expectations." (FAC ¶ 17.) In the FAC, Plaintiff avers that in January 2015, she received an email with a new employment contract for a higher paying position in Iraq from Defendants [ABMGS] and ABM Industries, Inc., who asked her to sign and return it to them by the end of the day." In subsequent paragraphs, Plaintiff added allegations against ABM Industries, Inc. that had been made previously against only ABMGS. (*See* FAC ¶¶ 39-44.) In the body of her Motion, however, Plaintiff does not explain how ABM Industries, Inc. was directly involved in her employment, and she does not identify

the perpetrators of the sexual harassment as employees of ABM Industries, Inc. Plaintiff merely states that the "Amended Complaint addresses additional defendants who were not asserted in the Plaintiff's initial Complaint." (Mot. at 1.)

ABMGS submits that in the proposed FAC, nearly four years after the first EEOC charge was filed and the Kentucky litigation was commenced, Plaintiff attempts to allege that she was actually employed by both ABMGS and ABM Industries, Inc. ABMGS characterizes this as "a desperate attempt to create jurisdiction where it does not exist." (Resp. to Mot. at 4.)

III. DISCUSSION

Title VII allows a plaintiff to bring a civil action only against the respondent named in a claimant's EEOC Charge and only after administrative remedies have been exhausted. *Thymes v. Verizon Wireless, Inc.*, 2016 WL 9777222, at * 2 (D. N.M. Sept. 28, 2016) (unpublished) (citing *Semsroth v. City of Wichita*, 304 F. App'x 707, 713 (10th Cir. 2008)). Under Title VII, an aggrieved party must file an EEOC charge within either 180 days or 300 days (in New Mexico) after the unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). If an EEOC charge is filed and dismissed, civil actions may only be brought within 90 days thereafter "against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1). ABMGS argues that Plaintiff did not name ABM Industries, Inc. as a respondent in her 2017 Charge; therefore, Plaintiff has failed to exhaust administrative remedies against ABM Industries, Inc.

Nonetheless, there is a narrow exception to the rule requiring that a plaintiff name a defendant as a respondent in an EEOC charge. Four factors are pertinent to determining whether the omission of a defendant's name in a charge requires dismissal of a Title VII claim:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1312 (10th Cir. 1980) (quoting *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3d Cir. 1977)).

As to the first *Romero* factor, the Court concludes that ABM Industries, Inc.'s role, if any, in Plaintiff's employment was ascertainable prior to the filing of the 2017 Charge. In the 2016 case in the Western District of Kentucky, ABMGS filed a corporate disclosure statement indicating that ABMGS was a wholly-owned subsidiary of ABM Industries, Inc. *See Ibrahim v. ABM Government Services, LLC*, 4:16-CV-102 JHM, DEFENDANT'S REVISED CORPORATE DISCLOSURE STATEMENT (Doc. No. 16). Therefore, as of the January 2017 filing of that corporate disclosure statement, Plaintiff would have been aware of ABM Industries, Inc. and its relationship to ABMGS. Plaintiff's 2017 Charge was filed in March 2017.

Regarding the second factor, Plaintiff has failed to allege either in her Motion or in the proposed FAC that ABMGS's and ABM Industries, Inc.'s interests were "so similar" that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings. *Romero*, 615 F.2d at 1312. ABMGS is a separate entity from its former parent corporation, ABM Industries, Inc. Moreover, the parent-subsidiary relationship alone is not sufficient to illustrate an identity of interests under *Romero*. *See Bowles v. Grant Trucking, LLC*, 1:16-CV-123-DB, 2018 WL 1033206, at *4 (D. Utah Feb. 22, 2018) (unpublished) ("To assume that shared ownership is synonymous with shared interests would

disregard the validity of forming different business entities for different purposes, including the parent-subsidiary relationship."). The only reference to these two entities' similarity of interests is Plaintiff's statement that "ABMGS and ABM Industries, Inc. are facility management providers who provided management support to Federal Government Agencies, who are registered to do business in the State of New Mexico." (FAC ¶ 6.) Further, Plaintiff alleges that "ABM Industries, Inc. owned, operated, managed, administrated, and/or did business with [ABMGS] in the State of New Mexico and the causes of action that are the basis of this suit arise out of such business conduct." (*Id.* ¶ 7.) Other than these statements that the two entities engaged in a similar type of business and engaged in business with each other, Plaintiff fails to allege that these entities have such a similarity of interests that inclusion of ABM Industries, Inc. in the EEOC proceedings was unnecessary. The conclusory statement that the causes of action "arise out of such business conduct" are insufficient to establish this factor. *Bowles*, 2018 WL 1033206, at *4 (noting that conclusory statement that the two entities shared the same principals, office location, and employees was insufficient to meet the second *Romero* factor). "Common ownership … [does] not speak to whether separate business entities have common interests in conciliation and compliance before the EEOC." *Id.*

The next factor requires the Court to consider whether ABM Industries, Inc.'s interests were actually prejudiced by Plaintiff's failure to include it in the EEOC proceedings. ABM Industries, Inc. has been prejudiced because it has not been able to address before the EEOC whether it or its subsidiary ABMGS was actually Plaintiff's employer. It bears repeating that ABM Industries, Inc. was not a respondent before the EEOC in 2015 nor was it a defendant in Plaintiff's 2016 lawsuit filed in Kentucky. Adding ABM Industries, Inc. as her employer at this

9

stage belies all previous assertions in both the Kentucky case, and in the 2015 and 2017 EEOC proceedings.

Finally, the Court must consider whether ABM Industries, Inc. in some way represented to Plaintiff that its relationship with her was to be through ABMGS. Plaintiff has provided no facts from which the Court can infer that such a representation was made. Plaintiff never alleged, either in the Kentucky suit or in this suit prior to the filing of the Motion, that ABM Industries, Inc. contributed to the retaliatory conduct of which she complains. Based on the allegations in this case and in previous proceedings, the Court finds that Plaintiff has failed to meet the requirements outlined in *Romero.* Therefore, the narrow exception to the exhaustion requirement does not apply in this case. By failing to name ABM Industries, Inc. in her 2017 Charge, Plaintiff has failed to exhaust administrative remedies against ABM Industries, Inc. The failure to exhaust means this Court lacks jurisdiction over any claims brought against ABM Industries, Inc. Hence, the Court will not allow Plaintiff leave to amend her Complaint to add ABM Industries, Inc. as a defendant because such an amendment would be futile.

IT IS ORDERED that PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT (Doc. No. 22) is denied.

_/s/ James A. Parker_
SENIOR UNITED STATES DISTRICT JUDGE